IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-81064-TLS |
| | ) | |
| BOUAVANH SAYTHONGPHET, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

**<u>ORDER</u>**

Hearing was held in Omaha, Nebraska, on July 12, 2010, on an objection to exemptions filed by the Chapter 7 trustee (Fil. #10), and a resistance by Debtor (Fil. #15). Craig H. Lane appeared for Debtor, and Benjamin E. Moore appeared on behalf of the Chapter 7 trustee. Subsequent to the hearing, the parties were given the opportunity to provide briefs and/or additional authority to the Court. They have now done so, and this matter was taken under advisement.

The trustee has objected to Debtor's claim of a homestead exemption. For the reasons set forth below, the objection is overruled.

*Background*

The undisputed facts in this case are as follows:

1.    Debtor owns and resides in a home located in South Sioux City, Nebraska. Debtor purchased the home in 1997.

2.    Also in 1997, Mr. Inthy Seuthsy and his two minor children (then ages 7 and 12) moved into the home.

3.    Debtor's daughter from a previous marriage (Tem Chanthayvong) also moved into the home in 1997. At that time, Tem was 29 years old. Tem lived with Debtor from 1997 to 1999 while "trying to get established," and during that time could not pay rent or help with expenses.

4.    At some point in 2009, Tem moved back into the home after suffering from a gambling addiction and going through a divorce. Tem is currently working, but Debtor states that her daughter cannot afford to pay any rent or help with household expenses.

5.    Mr. Seuthsy lived in the home with Debtor from 1997 until his death in 2007. During most of that time, Mr. Seuthsy was employed and he and Debtor divided expenses until approximately the last six months of his life (during which he was unable to work due to his illness).

6.    In 2007, when Mr. Seuthsy passed away, his children were 17 and 22 years old. The children continued living with Debtor for approximately one year after Mr. Seuthsy's death.

7.    According to her affidavit, Debtor considered Mr. Seuthsy and his children to be her family even though she was not formally married to Mr. Seuthsy. Debtor acted as a mother to the children and considered them to be her children, and they were dependent upon her. Although during his lifetime, Mr. Seuthsy shared expenses with Debtor, Debtor was the sole provider during the last six months of Mr. Seuthsy's life and for the approximate one-year period the children lived with Debtor after his death.

8.    The home in South Sioux City, Nebraska, has a value of $88,000.00. Debtor owes approximately $61,000.00 on the first and second mortgages encumbering the property. Debtor has claimed the equity as exempt pursuant to the homestead exemption.

*Law*

Neb. Rev. Stat. § 40-101 provides as follows:

A homestead not exceeding sixty thousand dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated . . . and shall be exempt from judgment liens and from execution or forced sale, except as provided in sections 40-101 to 40-116.

Neb. Rev. Stat. § 40-102 provides as follows:

If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property. When the claimant is not married, but is the head of a family within the meaning of section 40-115, the homestead may be selected from any of his or her property.

Neb. Rev. Stat. § 40-115 provides as follows:

The phrase head of a family, as used in sections 40-101 to 40-116, includes within its meanings every person who has residing on the premises with him or her and under his or her care and maintenance:
(1) His or her minor child or the minor child of his or her deceased wife or husband;
(2) A minor brother or sister or the minor child of a deceased brother or sister;
(3) A father, mother, grandfather, or grandmother;
(4) The father, mother, grandfather, or grandmother of a deceased husband or wife;
(5) An unmarried sister, brother, or any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves; or

-2-

(6) A surviving spouse who resides in property which would have qualified for a homestead exemption if the deceased spouse were still alive and married to the surviving spouse.

In addition, it is well-established that the purpose of homestead exemption is "the preservation of the family." *Landon v. Pettijohn*, 231 Neb. 837, 843, 438 N.W.2d 757, 761 (1989) (citing *Bowker v. Collins*, 4 Neb. 494 (1876)). Accordingly, "the homestead law should be liberally construed in favor of those for whose benefit it was enacted." *Landon*, 231 Neb. at 843 (quoting *Horn v. Gates*, 155 Neb. 667, 671, 53 N.W.2d 84, 86 (1952)). Further, once a property becomes a homestead, it retains that characterization until the property is sold or abandoned. *Palmer v. Sawyer*, 74 Neb. 108, 103 N.W. 1088, 1090 (1905).

## *Discussion*

The parties identified the issue to be whether the definition of "head of family" is limited to those relationships specifically described in Neb. Rev. Stat. § 40-115. Debtor's position is that Neb. Rev. Stat. § 40-115 sets out some, but not all, of the familial relationships which would result in Debtor being the head of household. Debtor argues that the statutory list "includes" but does not state it is limited to those relationships set forth in the statute. The trustee asserts that no single case in Nebraska has extended the head of family definition beyond the specific circumstances identified in Section 40-115. Accordingly, the trustee takes the view that the word "includes" has been interpreted by courts to be a word of limitation. *See Hyde v. Hyde,* 60 Neb. 502, 83 N.W. 673, 674 (1900) (stating "[b]efore the appellant can rightfully claim his statutory exemptions as the head of a family, he must come within the purview of some of the provisions of [the predecessor to Section 40-115].")。*See also In re Wiezorek,* Case No. BK03-42714 (Bankr. D. Neb. Dec. 4, 2003) (where Judge Mahoney, in declining to extend head of household status to a temporary living arrangement that did not exist as of bankruptcy filing, stated "[t]herefore, without further guidance from the Nebraska legislature or the Nebraska Supreme Court, I am not inclined to extend the scope of the statute to provide homestead exemptions for non-marital head-of-household situations that were not in existence on the petition date.").

The trustee is certainly correct that if Section 40-115 is interpreted as an exclusive list, then Debtor does not qualify as a head of family. However, the concept of what constitutes a "family" has certainly changed over the 130 years since the statute was first enacted. Blended families, co-habitation, and other relationships outside of the traditional marriage are common and socially accepted. Was the statute really intended to exclude any relationship that was not specifically identified? Alternatively, would it be fair to interpret "includes" to be the equivalent of "including, but not limited to," which would make much of the list superfluous?

Fortunately, those questions do not need to be answered today. Instead, it is only appropriate to look at the evidence provided with respect to Debtor's biological daughter, Tem. The evidence is in the form of the affidavit of Debtor (Fil. #19), which states in paragraph 5 that Tem "went through a bad divorce and lost custody of her children because she had a bad gambling problem." The affidavit further states that Tem is "currently working but can't afford to pay me any rent or to

help with any household expenses." Tem moved back in with Debtor approximately one year ago and Debtor stated that "I also consider her to be my dependent . . . ." Further, Tem lived with Debtor as her dependent in the late 1990's.

The living arrangement with Tem was in place at commencement of this case and apparently remains intact. Section 40-115(5) provides that the phrase head of family includes within its meaning every person who has residing with him or her and under his or her care and maintenance any of the other relatives mentioned in the statute (including children) "who have attained the age of majority and are unable to take care of or support themselves . . . ." The evidence in the form of the affidavit of Debtor indicates that Tem is unable to support herself. There is no evidence to the contrary. This case is very similar to *In re Allison*, 209 B.R. 494 (Bankr. D. Neb. 1997), wherein Judge Minahan of this district held that an extended family consisting of a father, adult daughter, and granddaughter qualified the father to claim a homestead exemption as head of family.

Accordingly, regardless of whether Nebraska law would recognize Mr. Seuthsy's children as Debtor's children for homestead purposes, Debtor can claim a homestead exemption as a head of family since her adult child lives with her and depends upon Debtor for support.

IT IS, THEREFORE, ORDERED that the objection to exemptions filed by the Chapter 7 trustee (Fil. #10) is overruled.

DATED:  August 17, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
     Craig H. Lane
     *Benjamin E. Moore/Rick D. Lange
     United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.